16-163-cr
United States v. Chambers

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of September, two thousand eighteen.

PRESENT:  REENA RAGGI,
          RAYMOND J. LOHIER, JR.,
          CHRISTOPHER F. DRONEY,
               *Circuit Judges*.

------------------------------------------------------------------------

UNITED STATES OF AMERICA,

                         *Appellee*,

                    v.                                    No. 16-163-cr

ANTOINE CHAMBERS, AKA "Sealed Defendant 1,"
AKA "Twizzie,"

                         *Defendant-Appellant*,

STEVEN GLISSON, AKA "D," AKA "Sealed Defendant
1," TYRONE BROWN,

                         *Defendants*.

------------------------------------------------------------------------

APPEARING FOR APPELLANT:     JOSHUA L. DRATEL (Whitney G. Schlimbach, *on the brief*), Joshua L. Dratel, P.C., New York, New York.

1

APPEARING FOR APPELLEE: NEGAR TEKEEI, Assistant United States Attorney (Amy Lester, Michael Ferrara, Assistant United States Attorneys, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Lorna G. Schofield, *Judge*), and on remand from the Supreme Court of the United States.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on December 21, 2015, is AFFIRMED.

This case comes before the court on remand from the United States Supreme Court. *See Chambers v. United States*, 138 S. Ct. 2705 (2018). Defendant Antoine Chambers was convicted after a jury trial of conspiratorial and substantive Hobbs Act robbery, *see* 18 U.S.C. § 1951, and kidnapping, *see* 18 U.S.C. § 1201. Chambers appealed his conviction, arguing, *inter alia*, that the district court erred in failing to suppress cell-site location information ("CSLI") obtained pursuant to a Stored Communications Act ("SCA") order. *See* 18 U.S.C. § 2703(d). He argued that (1) the evidence did not support the SCA's requirement of "specific and articulable" facts, 18 U.S.C. § 2703(d), and (2), even if it did, the Fourth Amendment requires officers to obtain a warrant meeting the higher standard of probable cause to obtain the data at issue.

2

Finding that both these arguments "fail[ed] on the merits," we affirmed the district court without deciding whether Chambers demonstrated "a reasonable expectation of privacy" in his cell-site data. *United States v. Chambers*, 681 F. App'x 72, 79 (2d Cir. 2017) ("*Chambers I*"). Chambers successfully petitioned the Supreme Court for a writ of *certiorari*, resulting in vacatur of this court's judgment and remand for reconsideration of Chambers's claims in light of *Carpenter v. United States*, 138 S. Ct. 2206 (2018), decided while Chambers's *certiorari* petition was pending. *See Chambers v. United States*, 138 S. Ct. at 2705. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

*Carpenter* recognizes that individuals have a reasonable expectation of privacy in cell-site data, and holds that the acquisition of that data from wireless carriers who maintain it constitutes a search that, under the Fourth Amendment, requires "a warrant supported by probable cause." *Carpenter v. United States*, 138 S. Ct. at 2220–21. An SCA order, issued on a showing of "reasonable grounds" for believing that the records were "relevant and material to an ongoing investigation," falls short of this requirement. *Id*. at 2221 (quoting 18 U.S.C. § 2703(d)). Applying *Carpenter* to the facts of this case, we are obliged to conclude that to the extent the government relied on an SCA order, issued on a showing of "reasonable grounds" to procure the data at issue, that procurement did not comport with the Fourth Amendment.

The identification of Fourth Amendment error, however, does not necessarily mean that Chambers was entitled to suppression of the data at issue. As the Supreme Court has held, the exclusionary rule must be the judiciary's "last resort, not [its] first impulse" upon identification of Fourth Amendment error. *Hudson v. Michigan*, 547 U.S. 586, 591 (2006). The exclusionary rule serves "to deter future Fourth Amendment violations," *Davis v. United States*, 564 U.S. 229, 236–37 (2011), and thus, the harsh remedy of suppression is warranted only "where it results in appreciable deterrence," *Herring v. United States*, 555 U.S. 135, 141 (2009) (internal quotations and alterations omitted).

That is not the case where evidence was "obtained during a search conducted in reasonable reliance on binding precedent." *Davis v. United States*, 564 U.S. at 241. In *United States v. Zodhiates*, No. 17-839-cr 2018 WL 3977030 (2d Cir. Aug 21, 2018), this court invoked the good faith exception to hold that the suppression of cell phone records subpoenaed pursuant to the SCA was unwarranted because at the time the request for the phone records was made, *i.e.* pre-*Carpenter*, Supreme Court precedent — "the third-party doctrine — permitted the government [to proceed] by subpoena as opposed to by warrant." *Id*. at \*4 (discussing *Smith v. Maryland*, 442 U.S. 735 (1979); *United States v. Miller*, 425 U.S. 435 (1976)); *see also United States v. Ulbricht*, 858 F.3d 71, 97 (2d Cir. 2017)

4

(pronouncing court bound by the third-party doctrine "unless it is overruled by the Supreme Court").[1]

Here, too, the authorities sought information from third parties by complying with the SCA—specifically, the statute's order requirement, *see* 18 U.S.C. § 2703(d), rather than the lesser subpoena requirement, *see id*. § 2703(c)(2), at issue in *Zodhiates*. Reliance on a federal statute gives rise to a presumption of good faith unless the statute is "clearly unconstitutional." *Illinois v. Krull*, 480 U.S. 340, 349 (1987). This presumption applies even if "the statute is subsequently declared unconstitutional, [because] excluding evidence obtained pursuant to [the statutory scheme] prior to such a judicial declaration will not deter future Fourth Amendment violations by an officer who has simply fulfilled his responsibility to enforce the statute as written." *Id*. at 350.

When the government obtained the order here, the SCA was not "clearly unconstitutional" in light of the third-party doctrine, as explained in *Zodhiates*. *See also United States v. Chavez*, 894 F.3d 593, 608 (4th Cir. 2018) (holding that searches

---

[1] Prior to *Carpenter*, all six courts of appeal to have considered the question had held that the government acquisition of electronic data from third parties was not subject to the Fourth Amendment warrant requirement. *See United States v. Ulbricht*, 858 F.3d 71 (2d Cir. 2017); *United States v. Thompson*, 866 F.3d 1149 (10th Cir. 2017); *United States v. Graham*, 824 F.3d 421 (4th Cir. 2016) (*en banc*); *United States v. Carpenter*, 819 F.3d 880 (6th Cir. 2016), *rev'd*, 138 S. Ct. 2206 (2018); *United States v. Davis*, 785 F.3d 498 (11th Cir. 2015) (*en banc*); *In re Application of the United States for Historical Cell Site Data*, 724 F.3d 600 (5th Cir. 2013).

conducted pursuant to pre-*Carpenter* SCA orders are subject to good faith exception and, therefore, no suppression is warranted).

In urging otherwise, Chambers attempts to distinguish this case from *Zodhiates* by arguing that the subpoena there was issued in 2011, *i.e.*, before *United States v. Jones*, 565 U.S. 400 (2012), whereas the SCA order here was issued after *Jones*. He argues that *Jones* put law enforcement officers on notice that acquiring cell-site data required a warrant, thereby precluding their claim to the good faith exception. We are not persuaded. The warrantless GPS tracking in *Jones* was unconstitutional because placement of the tracker on defendant's vehicle constituted a physical trespass: the "[g]overnment physically occupied private property for the purpose of obtaining information." *Id*. at 404. Here, the government did not trespass onto any property, and certainly not onto Chambers's property. It obtained the data at issue by requesting it from the third party in possession of the data. This crucial difference means that, even after *Jones*, officers could have reasonably believed that the third-party doctrine meant a warrant was not required to obtain cell-site data.

That conclusion finds support in Justice Sotomayor's concurring opinion in *Jones*. Although she questioned the continued viability of the third-party doctrine in a digital age, Justice Sotomayor conceded that "[r]esolution of these difficult questions in this case is unnecessary" precisely because "the [g]overnment's physical intrusion" onto defendant's vehicle — the majority's trespass theory — "supplies a narrower basis for decision." *Id*. at

6

418 (Sotomayor, J., concurring). In short, nothing in *Jones* clearly alerted reasonable officers that where, as here, they sought cell-site information from a third party, compliance with the SCA requirements was no longer constitutionally sufficient and that a warrant supported by probable cause was required.

Indeed, in *Carpenter* itself, when the Supreme Court held cell-site data "qualitatively different" from the "telephone numbers and bank records" to which the third-party doctrine applied, it acknowledged that such cell-site data "does not fit neatly under existing precedents." *Carpenter v. United States*, 138 S. Ct. at 2214–16. Thus, we conclude that even after *Jones*, but before *Carpenter*, it was objectively reasonable for authorities to think that if they complied with the SCA, no warrant based on probable cause was constitutionally required to obtain cell-site information from a third party. *See*, *e.g.*, *United States v. Ulbricht*, 858 F.3d at 97 (explaining that, "in light of [third-party doctrine,] no reasonable person could maintain a privacy interest in that sort of information"). Accordingly, we conclude that the good faith exception applies to any Fourth Amendment violation here, such that the district court was not required to suppress the challenged cell-site records.

That conclusion is only reinforced by our earlier determination that the facts asserted in the SCA application were, in any event, sufficient "to demonstrate probable cause to think that the sought information would be evidence of a crime." *Chambers I*, 681

7

F. App'x at 80.[2] Chambers did not dispute this finding in his *certiorari* petition, and in subsequent briefing to this court, he makes only a conclusory assertion that the SCA application "failed to meet even the reduced [requirements] set forth in the SCA," Appellant's Aug. 13, 2018 letter at 10, an argument that fails for the reasons stated in *Chambers I*, 681 F. App'x at 79–80. Thus, given both the state of the law prior to *Carpenter*, and the content of the SCA order application, we conclude, as we did in *Zodhiates*, that the good faith exception applies here so that suppression of the cell-site records at issue was not constitutionally required.

---

[2] The facts presented in the application, which we held constituted probable cause, were:

(1) the police were investigating Chambers's possible involvement in a Hobbs Act robbery occurring on March 25, 2013, in an apartment at 1338 Croes Avenue in the Bronx;

(2) a consent search of another suspect's cellphone (identified at trial as Brown) revealed two phone numbers associated with the name "Twizie," a nickname used for Chambers;

(3) the only calls of duration made or received by the suspect (Brown) on the night of the robbery were to one of the Twizie cellphones;

(4) the other Twizie phone had been used some time earlier to make a 911 call by a man who provided the name "Antoine," which is Chambers's first name, and who placed the call from 4782 Barnes Avenue in the Bronx;

(5) the landlord of that Barnes Avenue address identified Antoine Chambers as the resident; and

(6) a vehicle parked outside 4782 Barnes Avenue registered to Chambers's girlfriend bore a license plate, six of the seven digits/letters of which matched those provided by one of the robbery victims as on the license plate of the car driven by the robbers.

*See Chambers I*, 681 F. App'x at 80.

As to all other arguments raised by Chambers on this appeal, for which the Supreme Court did not order reconsideration, we conclude they are without merit for the reasons stated in our March 1, 2017 summary order. *See Chambers I*, 681 F. App'x at 79–80. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court